No. 10,146.

## BOND v. HEUSER.

SHERIFF'S SALE.—*Description.*—*Return on Execution.*—A description, "twenty-eight feet off of the west side of lot number five, in block L, in the city of Seymour, Jackson county, Indiana," is sufficient, in the return on an execution.

SAME.—An imperfect description of one tract of land in a sheriff's return on an execution of the sale of real estate does not invalidate the sale as to another separate and distinct parcel fully described in such return.

From the Jackson Circuit Court.

*R. Applewhite,* for appellant.

*J. B. Brown* and *W. K. Marshall,* for appellee.

ELLIOTT, J.—The question in this case is whether the ruling of the court excluding returns made by a sheriff upon executions issued upon two judgments rendered against Christopher Klipple, the grantor of the appellee, was or was not correct.

The objection stated to these returns, and which prevailed in the court below, was, as the record recites, " that the description therein contained is uncertain, indefinite and insufficient." There are two parcels of land described, but only one of them is claimed by the appellant, and the description given of it in his complaint is as follows: "A strip of ground twenty-eight feet in width off of the west side of lot number five, in Block L, in the city of Seymour, in the county of Jackson." In the returns this parcel is described as follows: "Twenty-eight feet off of the west side of lot number five, in Block L, in the city of Seymour, Jackson county, Indiana." The two descriptions are the same, and, in our opinion, are both sufficient. Mr. Freeman and Mr. Herman cite many cases in which descriptions much less certain than that under examination were held sufficient. Freeman Ex., section 281 ; Herman Ex. 381.

The objection stated to the trial court raised no other question than that of the sufficiency of the description of the property in controversy, and can not be deemed to raise the question whether it was essential that the description of the other parcel should have been shown to be sufficient. If, however, the objection had presented that question, we think it would have been unavailing. The appellant was not bound to show title to any other than the parcel claimed by him, and if he succeeded in doing this he was entitled to a recovery. We do not understand that an imperfection in the description of one parcel of land invalidates the sale as to another separate and distinct parcel, which is fully described.

We have no brief from the appellee, and can not conceive any ground upon which the ruling of the trial court can be sustained. Judgment reversed.